UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR.,<br><br>            Plaintiff,<br><br>     v.<br><br>G. SCHOO, et al.,<br><br>            Defendants. | CASE NO. ED CV 10-942-VAP (PJW)<br><br>FINAL REPORT AND RECOMMENDATION RE: DEFENDANT SCHOO'S MOTION TO DISMISS FIFTH AMENDED COMPLAINT |

This Final Report and Recommendation is submitted to the Hon. Virginia A. Phillips, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that Defendant Schoo's Motion to Dismiss the Fifth Amended Complaint be granted and the action be dismissed with prejudice.[1]

---

[1] This Final Report and Recommendation has been issued to address arguments made by Plaintiff in his Objections to the original Report and Recommendation. Plaintiff was not given an additional opportunity to object to the Final Report and Recommendation because the ultimate decision remains unchanged.

I.

SUMMARY OF FACTS[2]

On May 26, 2009, Plaintiff, a state prisoner, was one of a group of "layover inmates" placed in temporary outdoor housing at the California Institution for Men ("CIM") in Chino, California, for over five hours while waiting to be transferred to another prison. (Fifth Amended Complaint ("FAC") at 6-7; Opposition Exh. 1 at 3.) This was done at the direction of Defendant Schoo, a lieutenant at CIM. (FAC at 3, 7.) Plaintiff was wearing only a paper jumpsuit in temperatures that dropped to between 40 and 45 degrees. (FAC at 7.) Though he complained to an unidentified guard that he was cold, his complaints were ignored. (FAC at 7.) As a result of being left outside in the cold for more than five hours, he was sick for two weeks. (FAC at 7.)

Later that same night, an unidentified female officer placed Plaintiff in a "disciplinary cage" as a result of Plaintiff "criticizing CIM, CDCR and the State of California . . . ." (FAC, at 5.) There, he was denied a bed and was forced to stand from 11 p.m. to 5:15 a.m.

---

[2] The facts are taken from the Fifth Amended Complaint and an exhibit attached to Plaintiff's opposition to the motion to dismiss and are accepted as true for purposes of the motion. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if . . . the document forms the basis of the plaintiff's claim."); *Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002) (explaining court accepts allegations contained in complaint and inferences to be drawn from them in analyzing motion to dismiss).

## II.

## ANALYSIS

Plaintiff has sued Lieutenant Schoo, the supervisor of the guards at the time of the incident, and a number of unidentified prison guards under 42 U.S.C. § 1983, claiming that forcing him to remain in the cold in a paper jumpsuit for more than five hours amounted to cruel and unusual punishment. (FAC at 7.) He also alleges that the unidentified guards violated his First Amendment rights when they put him in a disciplinary cage in retaliation for his criticism of CDCR. (FAC at 5.)

Defendant Schoo moves to dismiss, arguing that Plaintiff has failed to state a cognizable claim against him. (Motion at 3-6.) In the alternative, he argues that he is entitled to qualified immunity. (Motion at 6-8.) For the following reasons, the Court concludes that Defendant Schoo and the still-unidentified defendants are entitled to dismissal with prejudice.[3]

---

[3] Plaintiff has re-alleged that his constitutional rights were violated by several unidentified guards when they kept him in a "disciplinary cage" and denied a bed. (FAC at 5-6.) These claims have previously been dismissed with prejudice and are not properly before the Court. (Doc. Nos. 41-42.) To the extent that Plaintiff seeks to re-characterize these claims under the First Amendment or, with respect to the denial of a bed, as both a First Amendment and a due process violation, those efforts are rejected. The Court's earlier dismissal with prejudice bars Plaintiff from re-alleging these claims. *See* Final Report and Recommendation Re: Fourth Amended Complaint (Docket No. 41 at 6) ("Plaintiff will, however, be granted one last opportunity to file an amended complaint based on the allegations that he raised in earlier versions of the Complaint and in his objections to the Report and Recommendation--namely, that his Eighth Amendment rights were violated when he was left outside in the cold while wearing a paper jumpsuit.").

A. <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. Under this rule, Defendants are entitled to dismissal if Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In deciding the motion, the Court accepts as true the material allegations of the Fifth Amended Complaint and construes them in a light most favorable to Plaintiff. *See Newman,* 287 F.3d at 788. In order to survive a motion to dismiss for failure to state a claim, Plaintiff must allege sufficient facts to support a "plausible," not merely "conceivable," claim for relief. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

B. <u>Plaintiff's Eighth Amendment Claim Is Subject to Dismissal</u>

    i. <u>Plaintiff's Claim Does Not Rise to the Level of An Eighth Amendment Violation</u>

Defendant Schoo moves to dismiss the Fifth Amended Complaint on the ground that Plaintiff's allegation that he was forced to endure temperatures that dropped to between 40 and 45 degrees for more than five hours wearing only a paper jumpsuit is not serious enough to rise to the level of an Eighth Amendment violation. (Motion at 5.) For the following reasons, the Court agrees.

The Eighth Amendment prohibits cruel and unusual punishment, i.e., the wanton and unnecessary infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to state an Eighth Amendment claim based on conditions of confinement, a prisoner must allege that the conditions he was exposed to were extreme. *See, e.g.,*

*Hudson v. McMillian*, 503 U.S. 1, 9 (1992). As the Supreme Court explained in *Hudson*:

> [E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.

*Id.* (citations and quotation marks omitted).

In the context of a case like the one at bar where a prisoner contends he was subjected to the cold, the Court considers several factors in assessing whether the conditions were extreme, including how cold it was, how long he was forced to endure the cold, and any additional conditions that he was subjected to. *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Here, Plaintiff was forced to be outside for more than five hours in temperatures that dropped to between 40 and 45 degrees dressed only in a thin paper jumpsuit. The Court finds that this did not amount to cruel and unusual punishment because it occurred only once, the period was, relatively speaking, brief, and the cold was, again, relatively speaking, not extreme. *See, e.g., Strope v. McKune*, 382 Fed. App'x 705, 707-08 (10th Cir. 2010) (holding that conditions did not violate Eighth Amendment as a matter of law where prisoner was housed without heat for a period of two weeks during which average outside nighttime temperature was approximately 40 degrees); *see also Ford v. Jones*, 149 F. App'x 316, 317 (5th Cir. 2005) (per curiam) (affirming dismissal of

prisoner's suit where guards intentionally left him outdoors in below 45 degree weather without jacket for three hours); *cf. Johnson*, 217 F.3d at 730-33 (holding summary judgment not warranted where 369 prisoners were kept in small bounded area, forced to lie face-down in dirt for 17 hours in 22 degrees, forced to urinate on their neighbors, and shot with tear gas "stinger balls" and "knee knockers"); *Gordon v. Faber*, 973 F.2d 686, 687 (8th Cir. 1992) (affirming district court's finding of Eighth Amendment violation where inmates were kept outside for nearly two hours in sub-freezing temperatures with significant wind chill factor and complained about frostbite once indoors). Though the Court does not condone what happened here and would prefer that prison guards not subject prisoners to 40-45 degree temperatures for extended periods of time without proper clothing, doing so one time does not state a cause of action under the Cruel and Unusual Punishment Clause. As such, Plaintiff's claim under the Eighth Amendment is dismissed.[4]

### ii. Qualified Immunity

Defendant Schoo also moves for dismissal based on qualified immunity. For the following reasons, the Court concludes that he is entitled to dismissal on qualified immunity grounds, also.

---

[4] In addition to Defendant Schoo, Plaintiff has sued an unnamed guard under the Eighth Amendment who Plaintiff claims "ignored his plea for warmth and/or shelter." (FAC at 7.) Because the Court concludes that Plaintiff's claim against Defendant Schoo does not rise to the level of an Eighth Amendment violation, the claim against the unnamed Doe Defendant is dismissed as well. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) (affirming dismissal with prejudice of non-appearing defendants where district court concluded amendment would be futile and defendants were in same position as defendant who had appeared and been dismissed).

Qualified immunity protects government actors from suit unless their conduct can be said to violate clearly established statutory or constitutional law. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Assuming, arguendo, that the conditions Plaintiff complains of here were extreme enough for Eighth Amendment purposes, Defendant Schoo would still be entitled to dismissal based on qualified immunity because it was not clearly established in 2009 (and is still not today) that subjecting a prisoner to temperatures as low as 40-45 degrees one time for more than five hours was cruel and unusual. *See, e.g.*, *Chappell v. Mandeville*, 706 F.3d 1052, 1062 (9th Cir. 2013) (affirming grant of qualified immunity to prison officials who kept prisoner on "contraband watch" under bright lights 24 hours a day for a week, chained to an iron cot, taped into two pairs of underwear and two jumpsuits, in hot cell with no ventilation, and shackled at ankles and waist so that he could not move his arms, forcing him to eat "like a dog," because no court had held that similar conditions were unconstitutional).

C.   <u>Plaintiff Is Not Entitled to Leave to Amend</u>

This is Plaintiff's sixth attempt to file a complaint that can pass muster. (Doc. Nos. 3, 22, 36, 37, 46, 84.) Nothing Plaintiff has said over the past three-and-a-half years suggests that there is anything further that he could say to state a cognizable claim. For that reason, the dismissal will be with prejudice. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

D.  The Dismissal Constitutes a Strike

Where, as here, the Court dismisses an action on the ground that it fails to state a claim upon which relief can be granted, it constitutes a "strike" under the "three strikes" provision of 28 U.S.C. § 1915(g).  Plaintiff is cautioned that, if he accumulates three strikes, he will be barred from bringing any further actions in federal court without prepaying the filing fee, unless he can establish that he is in imminent danger of serious harm.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1049-51 (9th Cir. 2007).[5]

### III.
### RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) accepting this Final Report and Recommendation; and (2) dismissing the Fifth Amended Complaint with prejudice.

DATED: December 17, 2013

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Civil Rights\RAY 10-942\Final R&R_5thAC.wpd

---

[5] It appears that this is Plaintiff's third strike.  *See Ray v. von Geldern*, No. 12-315, Doc. Nos. 7, 20 (N.D. Cal. Oct. 25, 2012) (district court dismissed case for failure to state a claim and appellate court denied appeal as frivolous).  In his Objections, Plaintiff claims that he was not a party to the *von Geldern* lawsuit. (Objections at 11.)  That issue need not be resolved at this juncture and can be addressed if and when Plaintiff files another action or appeals the decision herein.